AO 245B(05-MA) (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA
V.
**ANTWAUN MAIR**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **1: 08 CR 10152 - 001 - WGY**

USM Number: 26962038

John Moss
Defendant's Attorney

☑ Additional documents attached
Transcript Excerpt of Sentencing Hearing

☐

**THE DEFENDANT:**

☑ pleaded guilty to count(s) 1,2

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC § 841(a)(1) | Possession with Intent to Distribute a Controlled Substance Cocaine Base | 11/14/07 | 1,2 |

The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/11/08
Date of Imposition of Judgment

William G. Young
Signature of Judge

The Honorable William G. Young
Judge, U.S. District Court
Name and Title of Judge

December 12, 2008
Date

AO 245B(05-MA) (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D Massachusetts - 10/05



DEFENDANT: **ANTWAUN MAIR**
CASE NUMBER: **1: 08 CR 10152 - 001 - WGY**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 38 month(s)

on each of counts 1 and 2, the sentence to run concurrent one count with the other

☑ The court makes the following recommendations to the Bureau of Prisons:

Credit for time served from 6/5/08 to the present

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ____________ ☐ a.m. ☐ p.m. on ____________ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on ____________ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________

a ____________ , with a certified copy of this judgment.

____________
UNITED STATES MARSHAL

By ____________
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA) (Rev 06/05) Judgment in a Criminal Case
Sheet 3 - D Massachusetts - 10/05



DEFENDANT: ANTWAUN MAIR
CASE NUMBER: 1: 08 CR 10152 - 001 - WGY

## SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 6 year(s)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA) (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05



DEFENDANT: ANTWAUN MAIR
CASE NUMBER: 1: 08 CR 10152 - 001 - WGY

## ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

The first 3 months are to be served in a half way house.

The defendant is prohibited from the Franklin Field Housing Project area as depicted on the attached map.

The defendant is prohibited from associating with the persons on the attached list.

The defendant may The defendant is to participate in an inpatient or outpatient program for substance abuse as directed by Probation which program may include testing not to exceed 104 tests per year to determine whether the defendant has reverted to the use of alcohol or drugs. be required to contribute to the cost of such program.

**Continuation of Conditions of ☐ Supervised Release ☐ Probation**


Franklin Park Golf Course
Scarboro Pond
Harambee Park
Franklin Field
St Mary's Cemetery
Cemetery
Roberts Playground
American Legion Hwy
Morton St
Blue Hill Ave
Harvard St
Canterbury St
Boston State Hospital Rd
Circuit Dr
Talbot Ave
Westview St
Senator Bolling Circle
Norfolk St
Washington St
New Calvary
203
28
©2008 Google

***ASSOCIATIONAL RESTRICTION***

**Prohibition from contacting or being in the company of other defendants in this investigation and other known Franklin Field Boyzz associates.** During the period of Supervised Release, defendant Antwaun Mair is prohibited from contacting or being in the company of the following co-defendants or other individuals who the government asserts are members/associates of the Franklin Field Boyzz:

1. **Keyon Farnum Cohen, a/k/a "KFC"**
2. **Devin Mair, a/k/a "D" (EXCEPT WITH THE EXPRESS APPROVAL OF PROBATION FOR EACH SUCH VISIT)**
3. **Charles McGhee, a/k/a "Chizz"**
4. **Antowin Fields, a/k/a "Dutch", a/k/a "D"**
5. **Mark Shawn Johnson, a/k/a "Green Eyed Shawn"**
6. **Danley Leonard**
7. **Hassan Goodman, a/k/a "Sauce"**
8. **Kewon Alexander, a/k/a "Shaun"**
9. **Kion Johnson, a/k/a "K," a/k/a "KIGA"**
10. **James Johnson**
11. **Raul Figueroa**
12. **Jajuan Griffin**
13. **Dantley Leonard**
14. **Jason Johnson**
15. **Kenneth Malone**
16. **Derrick Richardson, a/k/a "Moe"**
17. **Kurtis Marshall, a/k/a "Kool Kurt"**
18. **Anthony Marshall**
19. **Timothy Williams, a/k/a 'Mittens"**
20. **Jammar Smith**
21. **Paul Edwards**
22. **Reginald Milton**
23. **Jalele Cosgrove**
24. **David Clemons, a/k/a "Master Grimes"**
25. **Eric Osias, a/k/a "E"**
26. **Lavell Chapman, a/k/a "Lell"**
27. **Eddie Long**

AO 245B(05-MA) (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05



DEFENDANT: **ANTWAUN MAIR**
CASE NUMBER: **1: 08 CR 10152 - 001 - WGY**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ $200.00 | $ $0.00 | $ $0.00 |

☐ The determination of restitution is deferred until ______. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $ $0.00 | $ $0.00 | |

☐ See Continuation Page

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ANTWAUN MAIR
CASE NUMBER: 1: 08 CR 10152 - 001 - WGY

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [X] Lump sum payment of $ $200.00 due immediately, balance due

[ ] not later than ____________, or
[ ] in accordance [ ] C, [ ] D, [ ] E, or [ ] F below; or

B [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C [ ] Payment in equal ________ (e.g., weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in equal ________ (e.g., weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within ________ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

[ ] See Continuation Page

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 06/05) Criminal Judgment
Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05



DEFENDANT: **ANTWAUN MAIR**
CASE NUMBER: **1: 08 CR 10152 - 001 - WGY**
DISTRICT: **MASSACHUSETTS**

# STATEMENT OF REASONS

## I COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A ☑ **The court adopts the presentence investigation report without change.**

B ☐ **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

1 ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

2 ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3 ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations)

4 ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

## II COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)

A ☑ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

☐ findings of fact in this case
☐ substantial assistance (18 U.S.C. § 3553(e))
☐ the statutory safety valve (18 U.S.C. § 3553(f))

## III COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):

Total Offense Level: 22
Criminal History Category: I
Imprisonment Range: 41 to 51 months
Supervised Release Range: 1 to 6 years
Fine Range: $ 7,500 to $ 4,000,000
☑ Fine waived or below the guideline range because of inability to pay.

DEFENDANT: **ANTWAUN MAIR**
CASE NUMBER: **1: 08 CR 10152 - 001 - WGY**
DISTRICT: **MASSACHUSETTS**

# STATEMENT OF REASONS

**IV ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☐ **The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.**

B ☐ **The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.** (Use Section VIII if necessary.)

C ☐ **The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.** (Also complete Section V.)

D ☑ **The court imposed a sentence outside the advisory sentencing guideline system.** (Also complete Section VI.)

**V DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A **The sentence imposed departs** (Check only one.):
- ☑ below the advisory guideline range
- ☐ above the advisory guideline range

B **Departure based on** (Check all that apply.):

1 **Plea Agreement** (Check all that apply and check reason(s) below.):
- ☐ 5K1.1 plea agreement based on the defendant's substantial assistance
- ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
- ☐ binding plea agreement for departure accepted by the court
- ☐ plea agreement for departure, which the court finds to be reasonable
- ☐ plea agreement that states that the government will not oppose a defense departure motion.

2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
- ☐ 5K1.1 government motion based on the defendant's substantial assistance
- ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
- ☑ government motion for departure
- ☐ defense motion for departure to which the government did not object
- ☐ defense motion for departure to which the government objected

3 **Other**
- ☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

- ☑ 4A1.3 Criminal History Inadequacy
- ☐ 5H1.1 Age
- ☐ 5H1.2 Education and Vocational Skills
- ☐ 5H1.3 Mental and Emotional Condition
- ☐ 5H1.4 Physical Condition
- ☐ 5H1.5 Employment Record
- ☐ 5H1.6 Family Ties and Responsibilities
- ☐ 5H1.11 Military Record, Charitable Service, Good Works
- ☐ 5K2.0 Aggravating or Mitigating Circumstances
- ☐ 5K2.1 Death
- ☐ 5K2.2 Physical Injury
- ☐ 5K2.3 Extreme Psychological Injury
- ☐ 5K2.4 Abduction or Unlawful Restraint
- ☐ 5K2.5 Property Damage or Loss
- ☐ 5K2.6 Weapon or Dangerous Weapon
- ☐ 5K2.7 Disruption of Government Function
- ☐ 5K2.8 Extreme Conduct
- ☐ 5K2.9 Criminal Purpose
- ☐ 5K2.10 Victim's Conduct
- ☐ 5K2.11 Lesser Harm
- ☐ 5K2.12 Coercion and Duress
- ☐ 5K2.13 Diminished Capacity
- ☐ 5K2.14 Public Welfare
- ☐ 5K2.16 Voluntary Disclosure of Offense
- ☐ 5K2.17 High-Capacity, Semiautomatic Weapon
- ☐ 5K2.18 Violent Street Gang
- ☐ 5K2.20 Aberrant Behavior
- ☐ 5K2.21 Dismissed and Uncharged Conduct
- ☐ 5K2.22 Age or Health of Sex Offenders
- ☐ 5K2.23 Discharged Terms of Imprisonment
- ☐ Other guideline basis (*e.g.*, 2B1.1 commentary)

D **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

DEFENDANT: **ANTWAUN MAIR**
CASE NUMBER: **1: 08 CR 10152 - 001 - WGY**
DISTRICT: **MASSACHUSETTS**



# STATEMENT OF REASONS

**VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A **The sentence imposed is** (Check only one.):
- ☐ below the advisory guideline range
- ☐ above the advisory guideline range

B **Sentence imposed pursuant to** (Check all that apply.):

1 **Plea Agreement** (Check all that apply and check reason(s) below.):
- ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
- ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
- ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
- ☐ government motion for a sentence outside of the advisory guideline system
- ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
- ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3 **Other**
- ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below )

C **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

- ☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U S.C § 3553(a)(1)
- ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C § 3553(a)(2)(A))
- ☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
- ☐ to protect the public from further crimes of the defendant (18 U.S C. § 3553(a)(2)(C))
- ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U S.C § 3553(a)(2)(D))
- ☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
- ☐ to provide restitution to any victims of the offense (18 U S.C. § 3553(a)(7))

D **Explain the facts justifying a sentence outside the advisory guideline system.** (UseSection VIII if necessary.)

DEFENDANT: **ANTWAUN MAIR**
CASE NUMBER: **1: 08 CR 10152 - 001 - WGY**
DISTRICT: **MASSACHUSETTS**



# STATEMENT OF REASONS

## VII COURT DETERMINATIONS OF RESTITUTION

A ☑ Restitution Not Applicable.

B Total Amount of Restitution: ____________________

C Restitution not ordered (Check only one.):

1 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3 ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4 ☐ Restitution is not ordered for other reasons. (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 1988

Defendant's Residence Address: N/A

Defendant's Mailing Address: N/A

Date of Imposition of Judgment
12/11/08

William G. Young
Signature of Judge

The Honorable William G. Young Judge, U.S. District Court
Name and Title of Judge

Date Signed December 10, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Criminal No.
08-10152-WGY

* * * * * * * * * * * * * * * * *

UNITED STATES OF AMERICA

v.

ANTWAUN MAIR

* * * * * * * * * * * * * * * * *

**SENTENCING EXCERPT**

BEFORE: The Honorable William G. Young,
District Judge

1 Courthouse Way
Boston, Massachusetts

December 11, 2008

**THE COURT:** Mr. Antwaun Mair, in consideration of the provisions of 18 United States Code, Section 3553(a), the information from the United States Attorney, your attorney, the probation office, and yourself, the Court sentences you to three years, two months, 38 months, in the custody of the United States Attorney General. Thereafter, the Court places you on a period of supervised release for six years, the first three months of supervised release to be served in a halfway house.

The Court imposes upon you no fine due to your inability to pay a fine. The Court imposes a $200 special assessment.

The special conditions of your supervised release are that you're prohibited from possessing a firearm, destructive device, or other dangerous weapon; that you are to participate in a program for substance abuse which may have drug testing not to exceed 104 drug tests per year.

You're prohibited from the Franklin Field housing project, and the diagram is here, which will be attached to the judgment, and likewise you're prohibited from associating with any one of the 27 people as set forth in the judgment in this case.

Now, let me explain this sentence to you. Mr. Mair, I've thought quite a bit about this sentence. And when you say sincerely that you believe in yourself that you

are a good person, and you want me to recognize that you are a good person who did a bad thing, I accept that. I accept that people can grow and change. You're a very young man. When you're 25 things will look different to you. I accept that you appear now to be on the right course. I accept when you say, and you haven't, you've made no excuses, you've taken full responsibility here for the things that you have done. And so I can look at you as a person and say that there is, there is genuine good in you. You appear to have real feelings for your wife and your children, and your family, as you should. And you did a bad thing, a series of bad things, and you can put it behind you.

Now, your lawyer has argued ably for you. So why, if I believe those things, and I do believe them, why do I give you a sentence of three years and two months as opposed to the minimum I can give you, one month, won't you learn your lesson in -- or one year, rather, won't you learn your lesson in one year.

I give you three years and two months, 38 months, because of the severity and repetitious nature of the crime. You were, you were during that whole period an extraordinary danger to the people of that housing project. You started your statement out with that. And that's true. You, you -- there may be others, too, but I'm sentencing you -- you made life much harder for them than otherwise it would be.

You did distribute poison primarily to the closest of your neighbors and people who live with you. And it's for that reason that, if the law is to be properly observed, I must, in my judgment, give you a real sentence.

I recognize it's your first sentence. I have that in mind. And the government's recommendation to me, but the sentence is my responsibility, not theirs, I think what has been argued to me is a sensible recommendation.

You weren't naive. I'm not prepared to say you were brazen. You simply were not thinking of the consequences. As a young man, you decided to adopt a specific type of life-style. That life-style, and that extensive, and this is extensive here, drug dealing is what warrants this sentence.

Now, Mr. Wortmann said something, and he's right, and I'm simply going to repeat it and it's not a threat. To the extent that in my mind you have deserved a break, even though this is a severe sentence, you've gotten your break. That's why it's 38 months. If ever you're back in any court, not this federal court, but any court, after a sentence like this, for some other drug crime, that really will mark your life. In essence, that's it. People will simply be warehousing you, and the time you spend in prison will exceed the time remaining in your life that you spend out of prison. That's simply what's going to happen.

Now, this is a real sentence. At your age you can get this sentence behind you and live a productive life, and I most earnestly pray that you do. It is a fair and a just sentence.

You have the right to appeal from this finding and rulings that the Court makes against you. Should you appeal and should your appeal be successful in whole or in part and the case remanded you'll be retried before -- you'll be resentenced before another judge.

Mr. Moss, if an appeal is decided upon, I want you to file your request for transcript in this Court before filing the notice of appeal because I'll turn it around right away.

Do you understand, sir?

**MR. MOSS:** Yes, your Honor, thank you.

**THE COURT:** All right, that's the sentence.

Now, he should have credit toward that sentence and he will have credit toward that sentence from --

**MR WORTMANN:** June 5th.

**THE COURT:** -- June 5th, 2008 to the present where he's been detained. He will have that credit.

That's the sentence of the Court. He's remanded to the custody of the marshals.

I have a civil matter and we'll see you in chambers. We'll recess.

**THE CLERK:** All rise. Court is in recess.

(Whereupon the matter concluded.)